IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KELLY V. GARNER           :        CIVIL ACTION

v.

THE PHILADELPHIA SCHOOL DISTRICT           NO. 12-2547

MEMORANDUM

STENGEL, J.                              MAY 14, 2012

Plaintiff Kelly V. Garner brings this action pursuant to Title VII and the Pennsylvania Human Relations Act (PHRA) against her former employer, the Philadelphia School District. She seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant plaintiff leave to proceed *in forma pauperis* and dismiss her complaint.

I.   FACTS

Plaintiff was employed by the Philadelphia School District as a teacher at Cayuga Elementary School. She alleges that, as of September 13, 2011, Evelyn Cortez "sent memos, emails, and people to [her] classroom daily to harass [her]." (Compl. ¶ II.E.) Plaintiff "took a layoff because [she] was so stressed," and because the defendant declined to transfer her to another school. (Id.)

Plaintiff was laid off pursuant to an agreement with the School District, a copy of which is attached to the complaint. The School District agreed to lay plaintiff off as of January 27, 2012, provide a "neutral reference" to prospective employers, and remove "all negative reprimands, warning letters, and memoranda

1

from [her] personnel file." (Agreement ¶¶ 3-5.) The School District also agreed not to oppose plaintiff's application for unemployment benefits. In return, plaintiff agreed to "unconditionally release and forever discharge the District . . . from any and all manner of suits, actions, causes of action, damages, demands and claims pertaining to the events [underlying a complaint she had filed with the United States Department of Education's Office for Civil Rights] including any claims related to her employment or separation from employment . . . ." (Id. ¶ 7.) Plaintiff signed the agreement after consulting with counsel of her own choosing, reviewing the terms of the agreement, and "knowingly and voluntarily" agreeing to those terms. (Id. ¶ 8.)

Plaintiff indicates that she filed a charge with the Pennsylvania Human Relations Commission and the Equal Opportunity Commission, and received a right to sue letter on May 1, 2012.[1] She subsequently filed this lawsuit, claiming that the School District discriminated against her based on her race and/or color and retaliated against her.

## II. STANDARD OF REVIEW

The Court grants plaintiff leave to proceed in forma pauperis because she has satisfied the criteria set forth in 28 U.S.C. § 1915. Accordingly, 28 U.S.C. § 1915(e)(2)(B) applies. That provision requires the Court to dismiss the complaint if it is frivolous or malicious, fails to state a claim, or seeks

---

[1] Plaintiff did not attach a copy of her right to sue letter to the complaint.

monetary relief from a defendant who is immune. Whether a complaint fails to state a claim under § 1915(e) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), see Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted). The Court may also consider documents that are attached to or submitted with the complaint. Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006). Additionally, the Court may sua sponte dismiss a complaint based on an affirmative defense so long as the defense is obvious from the face of the complaint and no development of the record is necessary. See Ray v. Kertes, 285 F.3d 287, 297 (3d Cir. 2002).

### III. DISCUSSION

Settlement agreements voluntarily entered into by the parties are private contracts that may not be modified by the Court. See Sullivan v. DB Inv., Inc., 667 F.3d 273, 312 (3d Cir. 2011) (en banc); see also Flemming ex rel. Estate of Flemming v. Air Sunshine, Inc., 311 F.3d 282, 289 (3d Cir. 2002) ("Basic contract principles apply to the review of settlement agreements."). Here, the parties' agreement reflects that plaintiff knowingly and voluntarily agreed to release any claims she may have had against the School District in exchange for the

School District's agreement to lay her off (presumably instead of terminating her) and remove negative disciplinary records from her personnel file, among other things. Accordingly, she is bound by that agreement and may not pursue her Title VII and PHRA claims against the School District. See Pennsbury Village Assocs., LLC v. McIntyre, 11 A.3d 906, 914 (Pa. 2011) ("Courts will enforce a settlement agreement if all its material terms have been agreed upon by the parties.").[2]

Furthermore, even leaving aside the agreement, plaintiff has failed to state a claim. Nothing in the complaint comes close to describing discrimination or retaliation that would be actionable under Title VII or the PHRA.[3] See Wilkerson v. New Media Tech. Charter Sch., Inc., 522 F.3d 315, 320 (3d Cir. 2008) ("To establish a prima facie case of retaliation under Title VII, a plaintiff must show that (1) she engaged in a protected activity under Title VII; (2) the employer took an adverse action against her; and (3) there was a causal connection between the employee's participation in the protected activity and the adverse employment action."); Sarullo v. U.S. Postal Serv., 352 F.3d 789,

---

[2] The agreement does not contain a choice of law provision. However, as the parties are located in Pennsylvania and as the contract concerns plaintiff's employment at a Pennsylvania school, the Court will apply Pennsylvania law because Pennsylvania has the most significant relationship to the transaction. See Hammersmith v. TIG Ins. Co., 480 F.3d 220, 227-28 & 233 (3d Cir. 2007).

[3] "PHRA and Title VII claims should be analyzed under the same legal standard . . . ." Wilkerson v. New Media Tech. Charter Sch., Inc., 522 F.3d 315, 318 (3d Cir. 2008).

797 (3d Cir. 2003) ("[A prima facie case of discrimination] requires a showing that: (1) the plaintiff belongs to a protected class; (2) he/she was qualified for the position; (3) he/she was subject to an adverse employment action despite being qualified; and (4) under circumstances that raise an inference of discriminatory action, the employer continued to seek out individuals with qualifications similar to the plaintiff's to fill the position.").

## IV. CONCLUSION

For the foregoing reasons, the complaint is dismissed. As plaintiff's claims are barred by her agreement with the School District, she will not be given leave to file an amended complaint because amendment would be futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002). Additionally, the Court will deny plaintiff's motion for appointment of counsel. See Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993) (in determining whether to grant counsel, "the district court must consider as a threshold matter the merits of the plaintiff's claim"). An appropriate order follows.

ENTERED
MAY 14 2012
CLERK OF COURT